**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0160n.06
Filed: December 16, 2004

**No. 03-3718**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GREGORY BEST, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY, COOK, and FARRIS,[*] Circuit Judges.

**PER CURIAM.** The defendant, Gregory Best, appeals the 108-month prison sentence he received upon pleading guilty to one count of conspiracy to defraud the United States, nine counts of securities fraud, and four counts of interstate transportation of stolen property, under a plea agreement negotiated with the government. Best asserts that the district court improperly double-counted sentence adjustments and offense characteristics, and improperly departed upward from the applicable guideline range in imposing sentence. Because the record establishes that Best waived his right to appeal his sentence in this matter, we must dismiss the appeal.

From 1995 through 1999, Best, a securities dealer, conspired with another individual in an elaborate Ponzi scheme by which Best misrepresented material facts to investors in

---

[*]The Hon. Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

order to obtain money from them to pay off earlier investors.  In the end, Best defrauded more than 600 investors, many of them retirees, of $24,498,405.20.  After being arrested and charged in a 22-count federal indictment, the defendant eventually entered into a plea agreement with the government under the terms of which Best agreed to plead guilty to 14 counts of the indictment in exchange for dismissal of the remaining eight counts and a government recommendation that the defendant's offense level, prior to a potential three-level reduction for acceptance of responsibility and substantial assistance, should be set at 32. In conjunction with Best's criminal history category of I, an adjusted offense level of 29 would subject the defendant to a sentencing range of 87-108 months according to the agreed-upon guidelines manual effective November 1, 1998.  In the plea agreement, Best further stated his understanding that

> . . . the recommendations of the parties will not be binding upon the Court, that the Court alone will decide the applicable sentencing range, whether there is any basis to depart from that range, and what sentence to impose. Defendant further understands that once the Court has accepted Defendant's guilty plea(s), Defendant will not have the right to withdraw such plea(s) if the Court does not accept any sentencing recommendations made on Defendant's behalf or if Defendant is otherwise dissatisfied with the sentence.

At sentencing, the district court adopted most elements of the plea agreement entered into by the parties.  Rather than calculate Best's offense level at 32, prior to deductions for acceptance of responsibility and provision of substantial assistance, however, the district judge added an additional 2 levels to the calculation to take into account the fact that "the offense involved a large number of vulnerable victims."  See U.S.

SENTENCING GUIDELINES MANUAL § 3A1.1(b)(2)(B) (1998). Consequently, the court calculated Best's initial offense level as 34 and subtracted a total of three levels for acceptance of responsibility and substantial assistance to the authorities to arrive at a sentencing level of 31, with a commensurate sentencing range of 108-135 months. The court sentenced Best to the low end of that range – 108 months – and the defendant now appeals that decision.

On appeal, the government argues that under the terms of the plea agreement, the defendant waived his right to contest the sentence imposed upon him. As we noted in United States v. Smith, 344 F.3d 479, 483 (6th Cir. 2003) (citations and internal quotation marks omitted):

> It is well settled that a defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement. For a plea agreement to be constitutionally valid, a defendant must have entered into the agreement knowingly and voluntarily. When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances.

Best does not contest the knowing and voluntary nature of the plea process in these proceedings. Additionally, the plea agreement explicitly provided that the defendant reserved the right to appeal only "(a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guidelines range deemed most applicable by the Court," or any claims of ineffective

assistance of counsel or prosecutorial misconduct.  Although Best frames the increase in his offense as an "upward departure," that was clearly not the case.

Because Best cannot establish any of the excepted grounds as a basis for challenging the sentence imposed upon him, he may not now be heard to object to the agreement that he executed.  For this reason, we DISMISS the appeal, effectively affirming the judgment of the district court.